## STORRIE v. CITY OF PENSACOLA.

(Circuit Court of Appeals, Fifth Circuit. April 14, 1913.)

No. 2,460.

CONTRACTS (§ 277*)—CONSTRUCTION—COMMENCEMENT OF WORK—NOTICE.

Where a contract provided that plaintiff should have a certain number of days to complete work, and should begin the same on receipt of notice from the engineer in charge, which notice was sent him from Philadelphia on September 4, 1906, but was not received until September 14th, the time began to run only from the date the notice was received.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1217–1232; Dec. Dig. § 277.*]

In Error to the District Court of the United States for the Northern District of Florida; Wm. B. Sheppard, Judge.

Action by Robert G. Storrie against the City of Pensacola. Judgment for defendant, and plaintiff, brings error. Reversed and remanded, with instructions.

Gregory L. Smith and Harry T. Smith, both of Mobile, Ala., and E. C. Maxwell, of Pensacola, Fla., for plaintiff in error.

John B. Jones, W. A. Blount, A. C. Blount, Jr., and F. B. Carter, all of Pensacola, Fla., for defendant in error.

Before PARDEE and SHELBY, Circuit Judges, and NEWMAN, District Judge.

NEWMAN, District Judge. This was a suit in the Circuit Court (now the District Court) of the United States, by Robert C. Storrie against the city of Pensacola, to recover certain amounts alleged to be due him for work done as contractor in building or putting in a certain sewerage or drainage system in the city of Pensacola. The amount originally agreed to be paid Storrie for this work was $309,-640, and he was given 350 days for the completion of the work, exclusive of Sundays and legal holidays. It was provided in the contract that, should the amount of work be diminished, the time specified for completing the whole work should be diminished by the number of days represented by the relation which the cost of the work deducted bore to the cost of the whole work. The contract also provided for $25 liquidated damages for each day occupied in completing the contract over and above the time allowed by the contract. It was subsequently agreed that the total cost of the work, the plans having been modified accordingly, should be $217,000. This reduced the number of days in which Storrie was to do the work to 247. The completion of the contract was delayed very much, so that it occupied 831 days, according to the engineer in charge. The city was holding up, at the time the contract was completed, $14,875. Storrie failed to recover, there being a verdict and judgment against him.

We do not find any ground for interfering with the judgment, except as to one matter, and that is as to the number of days that Storrie

was charged with for delaying the work. The provision in the contract was that Storrie should begin the work on receipt of notice from the engineer in charge. Notice was sent him to this effect from Philadelphia on September 4, 1906; but it was shown that the letter, by some delay in the mails, did not reach him until September 14th. The engineer's estimate and calculation fixed the time for him to commence the work as September 4th, thereby charging him with 10 days more than was right under the facts. There was also a failure to deduct the legal holidays under the laws of Florida to the number of 14 days. In addition to this the engineer, by a mistake in his calculation, which he conceded himself on the trial of the case, only allowed the plaintiff in error 236 days in which to complete the work, when, as stated above, he was entitled to 247 days. Storrie was, therefore, clearly entitled to recover against the city the amount which was thus improperly withheld; that is, for 35 days at $25 per day, making a total of $875. For this he was entitled to a verdict and judgment.

The judgment is reversed and the case remanded to the District Court, with instructions, as appellee may elect, to enter a judgment for the plaintiff for the sum of $875 with legal interest thereon from May 21, 1909, and costs, or award a trial de novo.